# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC ARANO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY BEARD,<br><br>　　　　Respondent. | Case No. 1:14-cv-01191- SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION TO STAY PETITION, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to the authority of 28 U.S.C. § 2254. Both parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

　　　　On July 21, 2014, Petitioner filed the instant petition for writ of habeas corpus in this Court. (Pet., ECF No. 1). Petitioner challenges his conviction sustained in Tulare County Superior Court for one count of assault with a deadly weapon and one count of street gang sentencing enhancement. Petitioner did not indicate that an appeal of his resentencing was pending. (ECF No. 1). On November 25, 2014, Respondent filed a motion to dismiss. (ECF No. 14). On December 19, 2014, Petitioner filed a motion to hold the instant federal petition in abeyance pending exhaustion of his claims in state court. (ECF No. 16). On January 9, 2015, Respondent filed an opposition to Petitioner's motion for stay and abeyance. (ECF No. 17).

1

# I.

# DISCUSSION

## A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## B. Abstention

Respondent argues that this Court should abstain from entertaining the petition because Petitioner has not completed his state court direct appeal.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

All three of the Younger criteria are satisfied here. First, Petitioner's direct appeal in

1  California state court is "ongoing" in that petitioner was awaiting the state court of appeal's
2  decision at the time he filed the instant petition, and it appears that the state court of appeal has
3  not yet issued a decision. See Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791,
4  801 (9th Cir. 2001) (holding that the state court proceedings are deemed ongoing under the first
5  prong of the Younger test if the state court suit was pending at the time of the federal suit's
6  filing). Second, the state has an important interest in passing upon and correcting violations of a
7  defendant's rights.  See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003).  Third,
8  petitioner has an adequate state forum in which to pursue his claim, even if the state court of
9  appeal affirms his conviction. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that
10 federal courts should assume that state procedures will afford an adequate opportunity for
11 consideration of constitutional claims "in the absence of unambiguous authority to the
12 contrary").

13     Therefore, the Younger requirements are satisfied in the present case, and abstention is
14 required unless extraordinary circumstances exist, such as bad faith, harassment, or irreparable
15 harm if the court abstains. See Colorado River Water Conservation Dist. V. United States, 424
16 U.S. 800, 817 n.22 (1976); Middlesex County Ethics Comm., 457 U.S. at 437.  Petitioner has not
17 made any showing of extraordinary circumstances indicating that he will suffer irreparable harm
18 if the court abstains until after he has completed his direct appeal. See Younger, 401 U.S. at 45-
19 46; Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Nor do Petitioner's claims fall within
20 the narrow exception to the Younger doctrine; namely Petitioner makes no claim that federal
21 habeas review is necessary to prevent a violation of the Double Jeopardy Clause or to enforce his
22 right to a speedy trial. See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992); Braden v.
23 30th Judicial Circuit Court of Kentucky, 410 U.S. at 489, 491-92 (1973). Accordingly, the Court
24 should abstain from interfering with the state judicial process, and the petition must be dismissed
25 without prejudice.
26 ///
27 ///
28 ///

## II.

## MOTION FOR STAY AND ABEYANCE

Petitioner filed a motion to stay the petition until the conclusion of his state direct review. Respondent filed an opposition to the motion for stay and abeyance. As stated above, Petitioner has prematurely filed his federal habeas petition. It is inappropriate for this Court to stay the petition until Petitioner's state direct review concludes. Petitioner may re-file a federal habeas action when state proceedings concerning his conviction and sentence are complete. Therefore, Petitioner's motion for stay and abeyance must be denied.

## III.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing

required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## IV.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED without prejudice;
3. Respondent's motion to stay and hold the petition in abeyance is DENIED;
4. The Clerk of Court is DIRECTED to enter judgment and close the case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 13, 2015**

UNITED STATES MAGISTRATE JUDGE